UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ROBERT O. GILBERT                                                   PLAINTIFF

v.                                       CIVIL ACTION NO. 3:10-CV-510-S

NORTON HEALTH CARE, INC.                               DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on defendant Norton Healthcare, Inc.'s Rule 12(b)(6) Motion to Dismiss (DN 7) plaintiff Robert Gilbert's *pro se* wrongful termination claim. Gilbert has responded (DN 8), and defendants have replied (DN 11).[1] For the reasons set forth herein, Norton's motion is **GRANTED**.

Gilbert is a former employee of Norton Healthcare who claims he was fired for refusing to remove a long-sleeved shirt he wore under his work uniform in violation of company policy. After Gilbert's employment ended on January 12, 2009, Gilbert filed a lawsuit in state court, an administrative complaint with the state of Kentucky alleging he was fired because he had complained about a workplace safety violation, and this action. The sole legal claim contained in Gilbert's complaint in this court is that his firing was "in violation of the public policy of the United States of America" under the Occupational Safety Health Act ("OSHA").

---

[1] Gilbert has also filed an additional response to Norton's motion to dismiss (DN 12). The local rules of this court generally do not contemplate pleadings beyond the motion, response, and reply. *See* LR 7.1. Although additional pleadings may sometimes be considered with leave of the court, Gilbert has not sought such leave in this case, and therefore his additional pleading will not be considered.

When considering a Rule 12(b)(6) motion to dismiss, the district court must accept all of the allegations in the complaint as true and construe the complaint liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999). The motion must be denied "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir. 1989). However, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakeley v. United States*, 276 F.3d 853, 863 (6th Cir. 2002).

Here, we find the plaintiff cannot recover under any legal theory because the remedies provided by statute preclude his filing of a private claim. Generally, at-will employees in Kentucky may be terminated for "good cause, no cause, or for a cause that some might view as morally indefensible." *Grzyb v. Evans*, 700 S.W.2d 399, 400 (Ky. 1985). Under the narrow "public policy" exception to this rule, a terminated at-will employee may bring a lawsuit for wrongful termination if the discharge is contrary to "fundamental and well-defined" public policy that is evidenced by a constitutional or statutory provision. *Firestone Textile Co. Div. v. Meadows*, 666 S.W.2d 730, 731 (Ky. 1983). However, under Kentucky law, if a statute both defines an unlawful act and specifies the remedy available, the allegedly harmed party is limited to the civil remedy provided in the statute. *Grzyb*, 700 S.W.2d at 401.

OSHA prohibits employers from discharging employees because the employees report possible health and safety violations. 29 U.S.C. § 660(c)(1). It also provides a remedy for individuals who are harmed by violation of the statute: 29 U.S.C. § 660(c)(2) calls for an aggrieved employee to first file a complaint with the Secretary of Labor, who then orders an investigation as deemed appropriate. If the Secretary finds a violation of § 660(c)(1), the Secretary – not the worker

– may then bring an action in federal court against the employer. *Id.* Gilbert did not file a complaint with the Secretary of Labor, and even if he had, could not have brought this action on his own behalf in this court; the OSHA precludes his filing of a private action. *See Smith v. Caterpillar, Inc.*, 304 Fed. App'x 391, 394 (6th Cir. 2008) (unpublished).

Gilbert argues that he actually did comply with the statute because he exhausted his administrative remedies within the Kentucky Labor Cabinet. However, OSHA says nothing about the exhaustion of state remedies; rather, it requires the aggrieved worker to file a complaint with the federal agency, which Gilbert has not done. Furthermore, even if Gilbert had filed an OSHA claim, his claim here would still not be permitted to go forward because the statute does not grant standing for workers to bring suits on their own behalf.

Because OSHA precludes Gilbert's action, his case must be dismissed, and Norton's motion to dismiss is granted.

A separate order will be issued in accordance with this opinion.